1   Mark D. Petersen (State Bar No. 111956)
    Patrick R. McKinney (State Bar No. 215228)
2   Farella Braun & Martel LLP
    Russ Building
3   235 Montgomery Street
    San Francisco, CA 94104
4   Telephone:  (415) 954-4400
    Facsimile:  (415) 954-4480
5
    Attorneys for Plaintiff
6   THE OAKLAND RAIDERS,
    a California Limited Partnership
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO/OAKLAND DIVISION

11

12   THE OAKLAND RAIDERS, a California        Case No.
     Limited Partnership,
13                                            **COMPLAINT FOR DECLARATORY
                      Plaintiff,              RELIEF**
14
           vs.                                **(Declaratory Relief)**
15
     WILLIAM T. ROMANOWSKI,                    **DEMAND FOR JURY TRIAL**
16
                      Defendant.
17

18

19        Plaintiff THE OAKLAND RAIDERS ("The Oakland Raiders") allege as follows:

20                              **THE PARTIES**

21        1.      Plaintiff The Oakland Raiders is a California limited partnership operating under

22   the laws of the State of California with its principal place of business located at 1220 Harbor Bay

23   Parkway in the City of Alameda, County of Alameda, State of California, and a member team of

24   the National Football League ("NFL").

25        2.      Defendant WILLIAM T. ROMANOWSKI ("Romanowski") is a citizen and

26   resident of the State of Colorado.

27

28

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DECLARATORY RELIEF,
Case No. _____

16159\758240.2

Dockets.Justia.com

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    This Court also has subject matter jurisdiction under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), because Romanowski filed a grievance against The Oakland Raiders under the National Football League's Collective Bargaining Agreement which is presently in arbitration, and the resolution of that arbitration will necessarily impact the present matter.

5.    There is currently pending in this Court an action entitled *Allstate Insurance Company and Allstate Indemnity Company v. William Romanowski and Marcus Williams*, Case No. C 04 1920 SC. In that action, plaintiffs seek declarations that they have no duty to defend nor indemnify Romanowski, and they request reimbursement of defense costs for defending Romanowski to date, in a state court action known as *Williams v. Romanowski*, Alameda County Superior Court Case No. RG 03-122024. In the state court action, Marcus Williams ("Williams") seeks damages for physical injuries allegedly suffered in an altercation with Romanowski. Plaintiff The Oakland Raiders is filing, concurrently with its complaint here, a Notice of Related Case as to the currently pending action in this Court.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), where substantial portions of the actions giving rise to the claims occurred.

## INTRA-DISTRICT ASSIGNMENT

7.    For purposes of Local Rule 3-2(c), this action arises in the San Francisco/Oakland Division, where The Oakland Raiders reside and a substantial portion of the actions and omissions described below took place.

## GENERAL ALLEGATIONS

8.    On October 16, 2003, Williams, a former team member of The Oakland Raiders, commenced his action against Romanowski in California State Court (the "Williams Action"). A true and correct copy of the Complaint filed by Williams is attached hereto as Exhibit A and

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DECLARATORY RELIEF,
Case No. _____                    - 2 -                                   16159\758240.2

1 | incorporated by this reference.

2 |     9.    In the Williams Action, Williams seeks damages for injuries he allegedly sustained

3 | as the result of "an unprovoked, intentional and outrageous attack by defendant Romanowski on

4 | plaintiff Williams" on August 24, 2003 at The Oakland Raiders training facility. At the time of

5 | the altercation, both Williams and Romanowski were team members of The Oakland Raiders,

6 | which is and was a member team of the NFL at the time of the altercation. Williams asserts

7 | causes of action for: (1) battery, (2) intentional infliction of emotional distress, and (3)

8 | negligence. At all times relevant hereto, The Oakland Raiders has asserted that Romanowski's

9 | conduct, as alleged in the Williams Action, was not within the course and scope of Romanowski's

10 | employment, nor within the scope of conduct condoned or permitted by the NFL. In fact, The

11 | Oakland Raiders took disciplinary action against Romanowski as a result of the alleged conduct.

12 |     10.    The Oakland Raiders are informed and believe and based thereon allege that

13 | Romanowski tendered the Williams Action to his homeowners' insurance carrier, Allstate

14 | Indemnity Company, and his personal umbrella insurance carrier, Allstate Insurance Company,

15 | for defense and indemnity. The Oakland Raiders are also informed and believe that Allstate

16 | Indemnity Company and Allstate Insurance Company have agreed to pay for Romanowski's

17 | defense in the Williams Action, subject to a reservation of rights.

18 |     11.    On or about December 7, 2004, Romanowski first requested that The Oakland

19 | Raiders defend and indemnify him against the Williams Action. The Oakland Raiders have

20 | declined Romanowski's request.

21 | **COUNT ONE**

22 | (Declaratory Relief – No Duty To Indemnify)

23 |     12.    The Oakland Raiders reallege and incorporate by reference the allegations of

24 | Paragraphs 1 through 11 as if fully set forth herein.

25 |     13.    Section 2802 of the California Labor Code states, "An employer shall indemnify

26 | his or her employee for all necessary expenditures or losses incurred by the employee in direct

27 | consequence of the discharge of his or her duties . . . ." Cal. Labor Code § 2802(a).

28 |     14.    Under the plain terms of Section 2802(a) of the California Labor Code, The

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DECLARATORY RELIEF,
Case No. _____

- 3 -

16159\758240.2

1  Oakland Raiders contend that they have no duty to indemnify Romanowski for any personal

2  liability imposed in the Williams Action on the following grounds: (1) Romanowski's liability

3  would not arise from the course and scope of his employment, or in direct consequence of the

4  discharge of his duties, with The Oakland Raiders, and (2) Romanowski's conduct alleged in the

5  Williams Action was willful, intentional, and unlawful.

6          15.    An actual controversy exists between The Oakland Raiders and Romanowski as to

7  their respective rights, duties and obligations with respect to the Williams Action. The Oakland

8  Raiders contend that they have no duty to indemnify Mr. Romanowski for any liability imposed

9  in the Williams Action, whereas The Oakland Raiders are informed and believe that Romanowski

10  contends that The Oakland Raiders have such a duty.

11          16.    The Oakland Raiders desire a judicial determination of the rights, duties and

12  obligations of The Oakland Raiders and Romanowski with respect to the Williams Action.

13  Specifically, The Oakland Raiders desire a declaration that they owe Romanowski no duty of

14  indemnification with respect to the Williams Action.

15          WHEREFORE, The Oakland Raiders pray for relief as set forth below in the Prayer.

16                                     **COUNT TWO**

17                         (Declaratory Relief – No Duty To Defend)

18          17.    The Oakland Raiders reallege and incorporate by reference the allegations of

19  Paragraphs 1 through 16 as if fully set forth herein.

20          18.    Under the plain terms of Section 2802(a) of the California Labor Code, The

21  Oakland Raiders contend that they have no duty to defend Romanowski for any personal liability

22  imposed in the Williams Action on the following grounds: (1) Romanowski's liability would not

23  arise from the course and scope of his employment, or in direct consequence of the discharge of

24  his duties, with The Oakland Raiders, and (2) Romanowski's conduct alleged in the Williams

25  Action was willful, intentional, and unlawful.

26          19.    An actual controversy exists between The Oakland Raiders and Romanowski as to

27  their respective rights, duties and obligations with respect to the Williams Action. The Oakland

28  Raiders contend that they have no duty to defend Romanowski in the Williams Action, whereas

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DECLARATORY RELIEF,
Case No. _____        - 4 -                              16159\758240.2

1    The Oakland Raiders are informed and believe that Romanowski contends that The Oakland

2    Raiders have such a duty.

3        20.    The Oakland Raiders desire a judicial determination of the rights, duties and

4    obligations of The Oakland Raiders and Romanowski with respect to the Williams Action.

5    Specifically, the Oakland Raiders desire a declaration that they owe Romanowski no duty to

6    defend with respect to the Williams Action.

7        WHEREFORE, The Oakland Raiders pray for relief as set forth below in the Prayer.

8                         **PRAYER FOR RELIEF**

9        WHEREFORE, The Oakland Raiders respectfully pray for relief against Romanowski as

10    follows:

11        1.    On Count One, for a declaration that The Oakland Raiders have no duty to

12    indemnify Romanowski with respect to the allegations in the Williams Action;

13        2.    On Count Two, for a declaration that The Oakland Raiders have no duty to defend

14    Romanowski with respect to the allegations in the Williams Action;

15        3.    For such other and further relief as the Court deems just and proper.

16    DATED:  December 21, 2004              FARELLA BRAUN & MARTEL LLP

17

18                                         By:_____
                                               Mark D. Petersen
19

20                                         Attorneys for Plaintiff
                                           THE OAKLAND RAIDERS,
21                                         a California Limited Partnership

22                         **DEMAND FOR JURY TRIAL**

23        Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38

24    of the Federal Rules of Civil Procedure.

25

26

27

28

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DECLARATORY RELIEF,
Case No. _____            - 5 -            16159\758240.2

1    DATED:  December 21, 2004                FARELLA BRAUN & MARTEL LLP

2

3                                              By: _____
                                                        Mark D. Petersen
4

5                                              Attorneys for Plaintiff
                                               THE OAKLAND RAIDERS,
                                               a California Limited Partnership
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

COMPLAINT FOR DECLARATORY RELIEF,          - 6 -                          16159\758240.2
Case No. _____

 ORIGINAL


*2748535*

1   JAMES J. BROSNAHAN (BAR NO. 34555)
    TONY WEST (BAR NO. 164151)
2   SYLVIA SOKOL (BAR NO. 200126)
    MORRISON & FOERSTER LLP
3   425 Market Street
    San Francisco, California 94105-2482
4   Telephone: (415) 268-7000
    Facsimile: (415) 268-7522
5
    Attorneys for Plaintiff
6   MARCUS WILLIAMS

7

**FILED**
ALAMEDA COUNTY

OCT 1 6 2003

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10

11  MARCUS WILLIAMS,                    Case No.  RG03122024

12                     Plaintiff,
                                        COMPLAINT FOR:
13
         v.                             1. Battery
14                                      2. Intentional Infliction of Emotional
                                           Distress
15  WILLIAM ROMANOWSKI,                 3. Negligence

16                     Defendants.      **JURY DEMAND**

17  ─────────────────────────────────

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────────
                              COMPLAINT
    sf-1583747

1    Plaintiff Marcus Williams alleges as follows:

2                                **PARTIES**

3        1.    Plaintiff Marcus Williams is a 25 year old professional football player with the Oakland

4    Raiders ("Raiders"). He is in his third year with the National Football League ("NFL") and his

5    second year with the Raiders. During the 2002 season, Mr. Williams played in thirteen regular

6    season games, the AFC Divisional Playoffs and the AFC Championship Game. At all times relevant

7    to this Complaint Mr. Williams was a competent adult residing in the city of Oakland, California.

8        2.    Defendant William Romanowski is a professional football player with the Raiders and a

9    long time veteran of the NFL. He is a teammate of Mr. Williams. At all times relevant to this

10   Complaint, Mr. Romanowski was a competent adult.

11       3.    At or about all times mentioned in this Complaint, each and every act complained of by

12   Plaintiff occurred in the city of Alameda in Alameda County, California.

13                          **FACTUAL BACKGROUND**

14       4:    This dispute arises out of an unprovoked, intentional and outrageous attack by defendant

15   Romanowski on plaintiff Williams during August 2003 when both were attending training camp for

16   the Raiders.

17       5.    The Raiders' media guide describes Williams as a "[b]ig, tall, versatile tight end who has

18   also played on special teams." Standing approximately six feet four and one-half inches, Williams is

19   about 240 pounds. He has been recognized for his speed in spite of his size; he can run a distance of

20   40 yards in approximately 4.5 seconds. In high school, Williams lettered in track, basketball and

21   football and was an All-League performer as wide receiver. In college, Williams was a two-year

22   starter at wide receiver for Washington State.

23       6.    After approximately two months as part of NFL Europe in the spring of 2002 (during

24   which time Williams "[p]layed in five games and caught a touchdown pass," according to Raiders'

25   documents), Williams was re-signed by the Raiders in 2002 and "saw action at tight end and on

26   special teams in 13 [regular season] games," in the words of the Raiders' media guide. Just prior to

27   deciding that Williams would play in the postseason AFC Divisional Playoff game against the New

28   York Jets, Raiders head coach Bill Callahan said of Williams: "He's a tall, lean guy that has very

1    good strength. . . . He can obviously run. He has good hands and he has an explosiveness about him

2    that you like in terms of blocking." Three days before the game against the Jets, Callahan remarked:

3    "Marcus [Williams] is a quality player in the sense that he can stretch the field, make plays on the

4    ball. It's just the opportunity of getting him on the field and I think we'll see that this week."

5        7.    In addition to playing Williams in the AFC Divisional Playoffs, Callahan played him in

6    the AFC Championship Game the following week against the Tennessee Titans. An injury sustained

7    while making a tackle resulted in Williams being placed on the list of injured Raiders players unable

8    to play in Super Bowl XXXVII on January 26, 2003.

9        8.    In the summer of 2003, Williams, then under contract to the Raiders for the 2003 season,

10    attended Raiders training camp. Because of Williams' active participation as part of the Raiders team

11    the previous year, he regarded the 2003 season as an opportunity to showcase his developed

12    versatility as a tight end.

13                          **FIRST CAUSE OF ACTION**
                              **(Battery)**
14

15        9.    On or about August 24, 2003, Williams was participating in a standard training camp

16    blocking drill. During a practice play, Williams was assigned to block defendant Romanowski. At

17    the end of the drill, during which Williams had blocked Romanowski, Williams turned and began

18    walking back to receive instructions for the next play.

19        10.    While Williams' back was turned to Romanowski, Romanowski shoved Williams

20    saying, "Don't push me!" or words to that effect. As Williams turned around to face Romanowski,

21    Romanowski grabbed the face mask portion of Williams' helmet and tried to pull it off Williams'

22    head, which Romanowski successfully accomplished.

23        11.    As soon as he pulled Williams' helmet off, Romanowski immediately and intentionally

24    punched Williams in the left eye, forcing Williams to his knees. Williams did not retaliate or attempt

25    to strike back at Romanowski. The force of Romanowski's unexpected punch broke Williams' left

26    orbital bone housing his left eye, caused excessive swelling and bleeding from Williams' left eye and

27    chipped at least one of Williams' teeth. Photographs of Williams taken or about August 24, 2003 by

28    an Alameda police detective are attached as Exhibit A. Romanowski's unprovoked and malicious

sf-1583747

1    attack caused serious injuries to Williams, causing the Raiders to place Williams on the injured

2    reserve list and ending his hopes of playing football with the Raiders during the 2003 season.

3        12.    Williams did not consent to the contact by Romanowski.

4        13.    Romanowski's contact was harmful or offensive contact and caused injury, damage,

5    loss or harm to Williams in that Williams was forcefully and unexpectedly punched by Romanowski.

6        14.    As a direct and proximate result of the acts alleged above, Williams suffered physical

7    injuries, mental and emotional anguish and distress, hospital and medical expenses, related expenses

8    and general damages in an amount to be proven at trial and which Williams is informed and believes

9    to be in excess of the jurisdictional limits of the California Superior Courts.

10        15.    Romanowski knew or should have known that his actions were extremely likely to

11    cause severe damage to Williams.  Yet, despite his knowledge and by his actions, Romanowski

12    subjected Williams to a cruel and unjust hardship by acting with malice and oppression, and by

13    consciously disregarding Williams' rights and safety, all of which warrants an award of exemplary

14    and punitive damages to Williams.

15                      **SECOND CAUSE OF ACTION**
                      **(Intentional Infliction of Emotional Distress)**
16

17        16.    Williams hereby incorporates by reference as though fully set forth herein the

18    allegations in paragraphs 1 through 15, above.

19        17.    Williams alleges on information and belief that Romanowski's conduct on or about

20    August 24, 2003 was outrageous and intentional and malicious and done with the intention of

21    causing, or with reckless disregard of the probability of causing, Williams to suffer severe emotional

22    distress, including humiliation, mental anguish and physical distress.  On information and belief,

23    Romanowski should have known that his actions were likely to cause Williams severe emotional

24    distress, and Romanowski acted with wanton and reckless disregard of the consequences to Williams.

25        18.    As a proximate result of Romanowski's actions set forth above, Williams has suffered

26    severe emotional distress, including mental anguish, humiliation and physical distress.

27        19.    As a proximate result of Romanowski's actions, Williams has incurred, and will

28    continue to incur, medical and incidental expenses for the care and treatment of these injuries.

3

COMPLAINT

## THIRD CAUSE OF ACTION
### (Negligence)

20. Williams hereby incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 19, above.

21. On or about August 24, 2003, Romanowski engaged in outrageous, illegal and negligent conduct, including abusing and assaulting Williams, in that Romanowski failed to exercise ordinary care to prevent injury to Williams. As a proximate and foreseeable result of Romanowski's actions, Williams suffered severe and serious emotional distress, including mental anguish, humiliation, and physical distress.

22. As a proximate and foreseeable result of Romanowski's negligent, outrageous, and illegal conduct, Williams has incurred, and will continue to incur, medical and incidental expenses for the care and treatment of these injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Romanowski as follows:

1. For compensatory damages according to proof;

2. For medical and related expenses according to proof;

3. For lost earnings, past and future, according to proof;

4. For exemplary and punitive damages;

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

4

sf-1583747

1        **JURY DEMAND**

2        Plaintiff requests a jury trial.

3        Dated:  October 16, 2003

4                                          JAMES J. BROSNAHAN
                                           TONY WEST
5                                          SYLVIA SOKOL
                                           MORRISON & FOERSTER LLP
6

7                                          By: _____
8                                               James J. Brosnahan

9                                               Attorneys for Plaintiff
                                                MARCUS WILLIAMS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

sf-1583747



**Alameda Police Dept.**



**Alameda Police Dept.**